IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 0:16-cv-61917

ROOR, a German Corporation,

        Plaintiff,

v.

GREAT OCEAN VIEW TRADING, LLC
d/b/a TOBACCO WORLD, a Florida
Limited Liability Company

        Defendants,
_____/

## COMPLAINT

The Plaintiff, ROOR (hereinafter referred to as "ROOR"), by and through its undersigned counsel, hereby brings this action for Trademark Infringement against GREAT OCEAN VIEW TRADING, LLC d/b/a TOBACCO WORLD, (hereinafter referred to as the "DEFENDANT") and states as follows:

### Jurisdictional Allegations

1.     This is an action for damages.

2.     ROOR is a for-profit company incorporated in Germany, and it is licensed to do business in Broward County, Florida.

3.     GREAT OCEAN VIEW TRADING, LLC d/b/a TOBACCO WORLD (hereinafter the "DEFENDANT") is a for-profit company incorporated in the state of Florida, and it is licensed to do business in Palm Beach County, Florida.

4.     This Court has jurisdiction under 28 U.S.C. § 1331 as this action is being brought as a violation of the Lanham Act under 15 U.S.C. §§ 1114, 1125(a), and 1125(c).

## General Allegations

5. ROOR has been in business since 1996, and is a well-known brand among the public, which is in the business of selling goods, primarily water pipes.

6. ROOR is the owner of a trademark registered to the United States Patent and Trademark Office as registration number 3675839, and having a registration date of September 1, 2009 (hereinafter the "TRADEMARK"). The USPTO registration page has been attached hereto as Exhibit "A."

7. The TRADEMARK has been in continuous use by ROOR since 1996.

8. The TRADEMARK is associated with hand-crafted water pipes, particularly high quality borosilicate jointed glass, which is stronger and more pliable than normal glass. Moreover, ROOR's hand-crafted glass does not break as easily as normal glass upon impact.

9. ROOR's TRADEMARK is protected under 15 U.S.C. § 1114 as a registered trademark.

10. In order to sell ROOR's products, the products must first be purchased by the respective sellers from an authorized ROOR agent. Specifically, the seller in order to sell the ROOR products must obtain the product from a licensed ROOR vendor.

## Count I – Violation of 15 U.S.C. § 1114

11. ROOR avers all of the allegations stated in Paragraphs 1 through 10, above, and incorporates them by reference in this Count I, as though fully restated herein.

12. The DEFENDANT is in the business of selling goods, including water pipes.

13. The DEFENDANT sells goods with many marks, including those alleged to be the TRADEMARK registered to ROOR.

14. ROOR has been forced to retain the undersigned law firm, and is responsible for the law firm's reasonable fees and costs associated with bringing the action.

15. The DEFENDANT does not have ROOR's consent to sell products that are not genuine ROOR goods, which have the genuine ROOR TRADEMARK.

16. The DEFENDANT sold a water pipe with the fake ROOR TRADEMARK, which is in fact a counterfeit.

17. The water pipe, which donned the alleged TRADEMARK was sold for a profit in the ordinary stream of commerce.

18. The water pipe contained the alleged TRADEMARK and is a competing good to the genuine ROOR goods, which contain the real TRADEMARK.

19. There is a likelihood of confusion in the marketplace as the water pipe that was sold, contained the fake TRADEMARK and was the exact same type of goods sold by ROOR.

20. The fake TRADEMARK is substantially similar to the genuine TRADEMARK, and there is a substantial likelihood that it creates a false affiliation to ROOR.

21. ROOR is not the origin of the water pipe that was sold, and it is not receiving the benefit of the TRADEMARK, or any profits of the sale of the water pipe containing its name and TRADEMARK.

22. Furthermore, the goods being sold by the DEFENDANT are freely transferrable across state lines, and likely originate outside the state of Florida.

23. ROOR did not sell the fake products to the DEFENDANT or its agents, and the product that is being sold is indeed a fake.

THE TICKTIN GROUP, PLLC.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

24. The products being sold with the alleged TRADEMARK are being sold by the DEFENDANT, and they are being passed off as a "real" ROOR product, without ROOR receiving any benefit from the purchase and sale by the DEFENDANT.

25. The DEFENDANT, as a merchant and seller of goods, knew or should have known that the products they were and are selling are counterfeit.

26. Furthermore, the real ROOR products are sold for substantially higher prices than what the DEFENDANT has been selling the counterfeit products for.

27. It is well known, especially in the industry, that ROOR products are considered to be high end water pipes, and therefore the price that the DEFENDANT sold the counterfeit ROOR for was indicative that the product is a counterfeit and not a real ROOR product.

WHEREFORE, the Plaintiff, ROOR, respectfully requests this Court enter judgment against the GREAT OCEAN VIEW TRADING, LLC d/b/a TOBACCO WORLD, award an accounting for profits, damages including treble damages, Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

### Count II – Violation of 15 U.S.C. § 1125 (a)

28. ROOR avers all of the allegations stated in Paragraphs 1 through 10, above, and incorporates them by reference in this Count II, as though fully restated herein.

29. ROOR owns the TRADEMARK that is subject to this action and has full rights to its TRADEMARK.

30. The DEFENDANT sold products that use the same or confusingly similar marks in the sale of the goods it sells at its stores.

THE TICKTIN LAW GROUP, PLLC.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

31. Consumers who purchase these goods are likely to associate the fake TRADEMARK on the Defendant's goods with the real ROOR TRADEMARK, which leads to the purchaser not knowing the true origin of the goods.

32. Therefore the consumers believes that they are buying a genuine ROOR products for a reduced price and the DEFENDANT is selling the fake ROOR knowing this is not real, and in reality this is reason the DEFENDANT is able to sell the product for a cheaper price.

33. There is no affiliation between the counterfeit goods and ROOR.

34. The DEFENDANT is causing damage to the ROOR TRADEMARK and also to the ROOR name by selling these products which are inferior and which are taking profits that are based upon the TRADEMARK, without ROOR receiving any benefits.

WHEREFORE, the Plaintiff, ROOR, respectfully requests this Court enter judgment against the GREAT OCEAN VIEW TRADING, LLC d/b/a TOBACCO WORLD, award an accounting for profits, damages, Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

## Count III – Violation of 15 U.S.C. § 1125 (c)

35. ROOR avers all of the allegations stated in Paragraphs 1 through 9, above, and incorporates them by reference in this Count III, as though fully restated herein.

36. ROOR has built a reputation within the industry, both in the United States and abroad, based on the high quality of its products. Because of this goodwill and reputation, the TRADEMARK and ROOR in general have become famous. The name ROOR and the ROOR TRADEMARK have earned a new meaning, as owning a ROOR product is considered among the best water pipe available.

THE TICKTIN LAW GROUP, PLLC.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

37. Owning a ROOR product is considered a status symbol, as owning a ROOR means having the finest water pipe available.

38. Recently, the DEFENDANT sold products that carry the fake TRADEMARK, in an attempt to adopt the mark and use it for the purpose of selling more products.

39. The DEFENDANT's use of the mark is diluting the overall market for ROOR and its products as the DEFENDANT is currently selling a product that is similar to the real product ROOR sells at a higher price with a fake TRADEMARK.

40. The DEFENDANT is selling the products in the ordinary stream of commerce and the products are likely to be crossing state lines either for shipment to the DEFENDANT, or through sales of the product to unknowing buyers.

41. The DEFENDANT is selling the product knowingly and the purpose is to try to make a profit off of the TRADEMARK. As a result of its action, the DEFENDANT is taking sales away from ROOR.

WHEREFORE, the Plaintiff, ROOR, respectfully requests this Court enter judgment against the Defendant, GREAT OCEAN VIEW TRADING, LLC d/b/a TOBACCO WORLD, award an accounting for profits, damages, Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

Dated: August 9, 2016

Respectfully submitted,

/s/ Anthony J. Badway\_\_\_\_
Anthony J. Badway
Florida Bar No.: 115321
Serv548@LegalBrains.com
**THE TICKTIN LAW GROUP, PLLC.**
600 West Hillsboro Boulevard, Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760
*Attorneys for the Plaintiff*

6

**THE TICKTIN LAW GROUP, PLLC.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 9th day of August 2016, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ Anthony J. Badway
Anthony J. Badway

## SERVICE LIST

**THE TICKTIN LAW GROUP, PLLC.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757